UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT HUDSON,

              Plaintiff,

-against-

DUTCHESS COUNTY COURT JUDGE
PETER FORMAN; DUTCHESS COUNTY
SUPREME COURT JUDGE PETER
FORMAN; DUTCHESS COUNTY COURT
JUDGE EDWARD McLOUGHLIN;
DUTHCHESS COUNTY CLERK BRADFORD
KENDALL; DUTCHESS COUNTY
ATTORNEY; NEW YORK STATE
APPELLATE DIVISION – SECOND
JUDICIAL DEPARTMENT,

              Defendants.

19-CV-1830 (CS)

ORDER OF DISMISSAL

CATHY SEIBEL, Chief United States District Judge:

    Plaintiff Robert Hudson, of Stanfordville, Dutchess County, New York, appears *pro se* and brings this action asserting that the defendants have violated his federal constitutional rights and New York State law.[1] Plaintiff sues the New York Supreme Court, Appellate Division, Second Department ("Second Department"), two state-court judges (Judges Peter Forman and Edward McLoughlin), the Dutchess County Clerk (Bradford Kendall), and the Dutchess County Attorney. He seeks damages. The Court construes Plaintiff's amended complaint[2] as asserting

---

[1] Plaintiff has paid the relevant fees to bring this action and the Clerk of Court has issued summonses.

[2] On March 13, 2019, and again five days later – before any of the defendants responded to the original complaint – Plaintiff filed "applications" (or motions) to file an amended complaint, and attached proposed amended complaints to each of these motions. (ECF Nos. 8 & 10.) But these motions are unnecessary because, at this stage of the litigation, Plaintiff can file an amended complaint without the Court's leave. *See* Fed. R. Civ. P. 15(a). The Court therefore denies Plaintiff's motions as unnecessary, and directs the Clerk of Court to separate Plaintiff's proposed amended complaint from Plaintiff's latest motion (ECF No. 10, 12-57) and file it as

claims of federal constitutional violations under 42 U.S.C. § 1983 against the Second Department, Judges Forman and McLoughlin, and Dutchess County Clerk Kendall, and claims of violations of New York State's Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law § 87, *et seq.*, against Kendall and the Dutchess County Attorney. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff's amended complaint is not a model of clarity. Plaintiff seems to assert claims against Judge Forman because of decisions Judge Forman made in what appear to be criminal proceedings against Plaintiff in the County Court, Dutchess County. (*See* ECF No. 10, 14-16.) Plaintiff may also be asserting claims against Judge Forman because of decisions Judge Forman made in civil actions brought by Plaintiff in the New York Supreme Court, Dutchess County (where Judge Forman sits as an Acting Justice). (*Id.* at 14-16, 21, 26-27.)

---

Plaintiff's amended complaint. The Court regards that proposed amended complaint as Plaintiff's actual amended complaint and as the operative pleading.

Plaintiff sues Dutchess County Clerk Bradford Kendall because of Kendall's alleged refusal to sign a summons in Plaintiff's New York Supreme Court civil action, and because of Kendall's alleged refusal to certify Plaintiff's record on appeal to the Second Department. (*Id.* at 19, 24-25.) He alleges that Kendall's office, as well as the Dutchess County Attorney (as a FOIL appeals officer), denied his requests under FOIL for copies of state tax maps. (*Id.* at 29.)

Plaintiff also sues Judge McLoughlin (also a Dutchess County Court Judge) because of Judge McLoughlin's decisions in Plaintiff's other state-court criminal action, including Judge McLoughlin's decision to transfer that criminal action from the Town of Pine Plains Justice Court to the Town of Amenia Court. (*Id.* at 22.) Plaintiff seems to state that Judge McLoughlin did not notify him of the transfer. (*See id.*)

Plaintiff further sues the Second Department because of that court's clerk's alleged failure or refusal to accept his record on appeal. (*Id.* at 24.)

## DISCUSSION

### A. New York Supreme Court, Appellate Division, Second Department

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Second Department under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for monetary damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states

3

themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, "the New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." *Gollump*, 568 F.3d at 368 (citation omitted). The Court therefore dismisses Plaintiff's § 1983 claims against the Second Department – a New York State court – as frivolous under the doctrine of Eleventh Amendment immunity.[3] *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## B. Section 1983 Claims Against Judges Forman and McLoughlin and Dutchess County Clerk Bradford Kendall

The Court must dismiss Plaintiff's § 1983 claims against Judges Forman and McLoughlin, who presided over Plaintiff's state-court criminal and civil actions. The Court must also dismiss Plaintiff's § 1983 claims against Dutchess County Court Clerk Bradford Kendall.

Judges are absolutely immune from suit under § 1983 for monetary damages for any of their actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven

---

[3] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that the Second Department is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability)

4

allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks and citation omitted).

This immunity also applies to government officials for their acts that assist a judge in the performance of his or her judicial duties. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero*, 171 F.3d at 760; *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988). In the State of New York, a County Clerk's duties include those of a state-court clerk. *See* N.Y. Const. Art. VI, § 6(e); N.Y. County Law § 525(1); *Olmstead v. Meahl*, 219 N.Y. 270, 275 (1916); *Ashland Equities Co. v. Clerk of N.Y. Cnty.*, 110 A.D. 2d 60, 61-64 (1st Dep't 1985); *see also Diaz v. Pataki*, 368 F. Supp. 2d 265, 271 (S.D.N.Y. 2005) (quoting *Ashland Equities Co.*, 110 A.D. 2d at 63) (holding that the Bronx County Clerk's "'primary function' is to 'serve as clerk of the Supreme Court' of Bronx County, a state court"), *aff'd sub nom., Diaz v. Paterson*, 547 F.3d 88 (2d Cir. 2008).

Plaintiff's § 1983 claims against Judges Forman and McLoughlin arise from their decisions while presiding over Plaintiff's state-court criminal and civil actions; their decisions were thus within the scope of their judicial capacities and jurisdiction. Judges Forman and McLoughlin are therefore immune from suit under § 1983 in this action.

Plaintiff's § 1983 claims against Kendall arise from Kendall's alleged refusal to issue Plaintiff a summons and to certify Plaintiff's record on appeal. These actions fall within the scope of judicial responsibilities; Kendall is therefore immune from suit under § 1983 for those actions. *See Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004) (unpublished opinion) (court clerk protected by absolute judicial immunity for her refusal to issue a summons); *DeRaffele v. City of New Rochelle*, No. 15-CV-0282 (KMK), 2016 WL 1274590, at

*14 (S.D.N.Y. Mar. 30, 2016) (court clerk protected by absolute judicial immunity for his refusal to send a transcript and record to a state appellate court), *appeal dismissed*, No. 16-2369 (2d Cir. Oct. 24, 2016); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ("[C]lerks are entitled to [absolute judicial] immunity for their alleged refusal of appellant's document request" after the Second Department denied the appellant's motion to expand the record on appeal). Accordingly, the Court dismisses Plaintiff's § 1983 claims against Judges Forman and McLoughlin, and against Dutchess County Clerk Bradford Kendall, as frivolous under the doctrine of judicial immunity. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero*, 171 F.3d at 760.

## C. Claims under New York State's Freedom of Information Law ("FOIL")

The Court construes Plaintiff's claims against Dutchess County Clerk Bradford Kendall arising from his denial of Plaintiff's requests under FOIL for copies of state tax maps, and all of Plaintiff's claims against the Dutchess County Attorney, as seeking relief under FOIL, a New York State statute. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting, including his FOIL claims against Kendall and the Dutchess County Attorney. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the

circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's federal claims cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**E.     Warning**

Plaintiff has filed numerous nonmeritorious *pro se* actions in this Court. *See Hudson v. New York*, No. 02-CV-6600 (CLB) (S.D.N.Y. May 12, 2003), *aff'd*, 84 F. App'x 135, 136 (2d Cir. 2004) (summary order) ("The district court held, *inter alia:* (1) the claim was barred by the Eleventh Amendment; (2) the claim was lacking in merit because Hudson failed to show that the decision lacked a rational basis or was motivated by animus; (3) the claim could not be brought against the New York Court of Appeals because judges are entitled to absolute immunity; (4) the *Rooker-Feldman* doctrine precludes lower federal courts from reviewing the decisions Hudson challenges because they were rendered by a state court; and (5) the allegations in the complaint failed to state a claim against Dutchess County."); *Hudson v. Cnty. of Dutchess*, No. 12-CV-5548 (KMK) (S.D.N.Y. July 20, 2017) (dismissing remaining § 1983 claims against Dutchess County after allowing Plaintiff six opportunities to amend his complaint); *Hudson v. Cnty. of Dutchess*, No. 18-CV-12194 (CM) (dismissing Plaintiff's claims against Dutchess County, Judge McLoughlin, Dutchess County Clerk Kendall, the Dutchess County District Attorney, and Westchester County Supreme Court Justice Warhit under the *Younger* abstention doctrine).

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware that many, if not all, of his federal claims in this action are frivolous. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing new civil actions in this Court without the Court's leave to file. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's applications to file an amended complaint as unnecessary. (ECF No. 8 & 10.) The Court directs the Clerk of Court to separate Plaintiff's proposed amended complaint from his latest application (ECF No. 10, at 12-57) and file it as Plaintiff's amended complaint.

The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against Judges Forman and McLoughlin, Dutchess County Clerk Bradford Kendall, and the New York Supreme Court, Appellate Division, Second Department, as frivolous on grounds of immunity. The Court declines to consider under its supplemental jurisdiction any remaining claims that Plaintiff asserts under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court denies as moot the request of the New York Supreme Court, Appellate Division, Second Department, and Judges Forman and McLoughlin to extent the time to respond to Plaintiff's complaint. (ECF No. 14.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: 4/8/19
White Plains, New York

_____
CATHY SEIBEL
United States District Judge